IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ROY HALL, Petitioner v. ANGELA HOOVER, in her official capacity as Warden of Clinton County Correctional Facility in McElhattan, PA; BRIAN MCSHANE, in his official capacity as Acting Philadelphia Field Office Director, United States Immigration and Customs Enforcement; TODD LYONS, in his Official capacity as Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; THE U.S. DEPARTMENT OF HOMELAND SECURITY; and TODD BLANCHE, Acting Attorney General of the United States, Respondents | : | No. 3:26cv1700 (Judge Munley) |

FILED
SCRANTON
AUG 05 2026
PER [signature] DEPUTY CLERK

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Anthony Roy Hall.[1] (Doc. 1). Hall is a native and citizen

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Hall filed the instant petition while detained at Clinton CCF which is in the Middle District of Pennsylvania. The petitioner asserts that his continued

of Jamaica who has been in the custody of Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") for approximately two months. For the reasons set forth below, the petition will be granted, and an order will be issued for Hall's release.

According to the evidence supplied by the respondents, Hall is 20 years old. (Doc. 4-2, Resp. Ex. 1, I-213 Form). Petitioner entered the United States of America from Mexico in November 2022 when he was approximately 16 years old. Id. He was apprehended near San Ysidro, California by Border Patrol agents, processed, and eventually released to a family member due to being a juvenile. Id. He was also issued a Notice to Appear by Border Patrol, but apparently that document was never served on the Executive Office for Immigration Review. Id.

Petitioner indicates that he is in a relationship with a United States citizen and they have a child together who is also a citizen. (Doc. 1, Pet. ¶ 20). He was working as a ride-share driver in Shamokin, Pennsylvania prior to being detained. (Doc. 4-2, Resp. Ex. 1, I-213 Form).

The parties offer two different versions with respect to Hall's immigration-related arrest. Per the petitioner, on June 17, 2026, he was arrested outside a

---

detention violates his right to due process. He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

notary office after being followed by ICE officials. Id. Per the record relied upon by the government, ICE officers were contacted by a Special Agent with the Federal Bureau of Investigations, who, along with local and state law enforcement, encountered Hall and another suspected Jamaican national "during enforcement operations" and took the men into custody (Doc. 4-2, Resp. Ex. 1, I-213 Form). These events allegedly occurred on June 9, 2026. Neither party has elaborated upon the "enforcement operations" ostensibly conducted by federal, state, and local authorities. Per the government record, however, Hall does not have any known criminal history or warrants for his arrest. Id.

Removal efforts have been expedited in Hall's case. According to the Executive Office of Immigration Review's website, Hall was ordered removed by an immigration judge on July 21, 2026. An appeal is due to the Board of Immigration Appeals by August 20, 2026. The removal order in this case is not administratively final.

With his petition for writ of habeas corpus, Hall argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute. Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute. Petitioner further argues that, due to this misclassification, his due process rights are being

violated because he has not been provided with a bond hearing. Petitioner thus requests his immediate release from detention.

On behalf of the respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention without the possibility of bond does not violate the INA or the Due Process Clause of the Fifth Amendment. Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[2] See Barbosa da Cunha v. Freden, 175 F.4th 61, 78 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713, 731-32 (6th Cir. 2026); Cirrus Rojas v. Olson, No. 25-3127, ---

---

[2] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, 819 F. Supp. 3d 362, 372 (M.D. Pa. 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); Rodriguez Vazquez v. Bostock, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); Santillan Quiroz v. Mullin, 180 F.4th 1226, 1239 (10th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1280-81 (11th Cir. 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).[3] Respondents indicate their awareness of these prior outcomes. (Doc. 4, Resp. Br. at 2-4) (collecting cases). The court thus reads the response as not contesting the facts of Hall's petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Barbosa da Cunha, Lopez-Campos, Santillan Quiroz, Cirrus Rojas, Rodriguez Vazquez or its prior decisions.[4] Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention.

---

[3] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

[4] Hall is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Barbosa da Cunha, 175 F.4th at 78. Moreover, the government's reading of

Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal. 8 U.S.C. § 1226(a). However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an IJ. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As for the constitutional issues raised in Hall's petition, it is undisputed in this case that he entered the United States illegally without being initially admitted or paroled. People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013). That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

---

Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

Hall has been in ICE custody since June 2026 without being afforded an ability to demonstrate that he is worthy of release on bond. "No person," including the petitioner, "shall... be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that Hall's continued imprisonment at Clinton County Correctional Facility pursuant to a mandatory detention statute violates his constitutional rights.[5]

---

[5] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335. First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted). Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). In this case, the petition for writ of habeas corpus will be granted and Hall will be released. [6]

In response to the petition, the government has not provided any information indicating that Hall is a danger to the community or a flight risk. According to the evidence supplied by the parties, the petitioner has no criminal record or active warrants. Respondents had an opportunity to explain why the FBI, the Pennsylvania State Police, and municipal police officers apparently encountered the plaintiff and alerted ICE. Absent any explanation, the court concludes that these members of law enforcement were merely aiding ICE in

(D.N.J. 2025)); Quispe, 819 F. Supp. 3d at 372. As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

[6] Hall's request for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 is not yet ripe for disposition. A habeas proceeding challenging immigration detention under 28 U.S.C. § 2241 is a "civil action" for purposes of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), and the EAJA "unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 432 (3d Cir. 2026). Petitioner will thus be permitted to file a motion for costs and fees pursuant to the EAJA within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.).

enforcing federal immigration law. With respect to risk of flight, Hall was released by DHS to a family member approximately four years ago. Hall is employed and has a young child.

Based on the above evidence, only immediate release will remedy the due process violation in this case.[7] The government will be temporarily enjoined from re-arresting Hall for a period of seven days to ensure the effectiveness of the habeas remedy. The government may also not impose additional conditions on Hall's release, including any form of body-worn electronic monitoring, unless those conditions were in place prior to Hall's detention.

Consequently, it is hereby **ORDERED** that:

1) Anthony Roy Hall's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;
2) Hall's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;
3) The government shall **immediately** release Hall from its custody;

[7] Respondents contend that the only proper respondent is Angela Hoover, the Warden of Clinton County Correctional Facility. (Doc. 4, Resp. Br. at 46–47). Here, consistent with Padilla, Hall named the warden of that facility as a respondent. 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent."). The court need not determine whether the remaining respondents should be dismissed. To the extent that Angela Hoover is the only proper respondent in this matter, Hoover is acting as an agent of DHS/ICE and the government will be bound by the order. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *1, n.1 (M.D. Pa. Dec. 31, 2025).

4) On or before **<u>August 7, 2026 at 12:00 noon</u>**, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Hall has been released;
5) The government shall release Hall under the same conditions that existed prior to his detention, including release: (1) in an area where the petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;
6) The government is temporarily enjoined from re-arresting Hall for a period of 7 days to ensure that this habeas remedy is effective; and
7) The Clerk of Court is directed to **CLOSE** this case.

**BY THE COURT:**

**Date:** 8/5/26

**JUDGE JULIA K. MUNLEY**
**United States District Court**